IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00859-PAB

DAVID MICHAEL CANTU,

    Applicant,

v.

JULIE WANDS,

    Respondent.

---

**ORDER**

---

This matter comes before the Court on applicant David Michael Cantu's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") [Docket No. 1]. Respondent filed a preliminary response to the Application [Docket No. 6] and a response [Docket No. 10] to an Order to Show Cause. Applicant has not filed a traverse. The Application is ripe for disposition.[1]

## I. BACKGROUND

Applicant is incarcerated at the Bureau of Prisons ("BOP") Federal Correctional Institution located in Florence, Colorado. Applicant, who is proceeding *pro se*,[2]

---

[1] Because the material facts are not in dispute, there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2243 (a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

[2] In light of applicant's *pro se* status, the Court will construe the Application liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

contends that (1) the federal sentencing judge committed reversible error by concluding that he could not order applicant's federal sentence to run concurrently with a state sentence which had not yet been imposed, and (2) certain time that applicant spent in state custody should be credited toward his federal sentence.

On August 4, 2002, applicant was arrested by the Larimer County, Colorado Sheriff on kidnaping charges. Docket No. 10-1 ¶ 3; Docket No. 10-2 at 4. On September 10, 2002, the United States Marshals Service ("USMS") "borrowed" applicant from state custody via federal writ. Docket No. 10-1 ¶ 4; Docket No. 10-2 at 6. On December 18, 2003, this Court sentenced applicant in Case No. 02-cr-00293-RB to an 87-month term for two counts of Knowingly or Intentionally Using a Communications Facility in Committing a Drug Offense. The Court did not indicate the relationship of this sentence to any pending state sentence. Docket No. 10-2 at 9-10. The USMS returned applicant to state custody on December 24, 2003. Docket No. 10-2 at 6.

On January 5, 2004, the State of Colorado sentenced applicant to seven years imprisonment for Assault to Cause Injury with a Deadly Weapon and Felony Menacing with a Real/Simulated Weapon. Docket No. 10-2 at 13-14. On July 8, 2005, after a reconsideration hearing, the State of Colorado reduced the sentence to "time served," which was 1,074 days, and suspended the remainder of the sentence for eight years. Docket No. 10-2 at 17-18. The amended sentence required that "Defendant shall successfully complete the federal sentence in [the federal case], including parole.

Upon completion of the federal sentence and parole this sentence will be considered served." Docket No. 10-2 at 17-18.  The State of Colorado thereafter relinquished custody of applicant to the USMS on July 22, 2005.  Docket No. 10-2 at 22.

Applicant's federal sentence commenced on July 22, 2005, the date that he was released by the State of Colorado to the USMS.  See 18 U.S.C. § 3585(a); Docket No. 10-2 at 30-32.  The BOP gave applicant 13 days prior custody credit for the period that he was in state custody from July 9, 2005, the day after the remainder of his state sentence was suspended, until July 21, 2005, the day before his federal sentence commenced.  Docket No. 10-1 ¶ 9; Docket No. 10-2 at 30-32.

## II.     ANALYSIS

### A.     Claim One

Because this Court did not specify at sentencing that applicant's federal sentence and state sentence would run concurrently, the sentences run consecutively. See 18 U.S.C. § 3584(a).  In his first claim, applicant alleges that the Court erred by concluding that it was prohibited from ordering the federal sentence to run concurrently with a state sentence which had not yet been imposed.

Applications under 28 U.S.C. § 2241 "are used to attack the execution of a sentence," McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997), and thus "generally . . . [include] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  Jiminian v. Nash, 245 F.3d

144, 146 (2d Cir. 2001). By contrast, an attack on the validity of a sentence must be brought in a 28 U.S.C. § 2255 habeas petition. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

In *United States v. Ellsworth*, 2008 WL 4567113 (10th Cir. Oct. 2, 2008), the defendant, like applicant in the present case, asserted that "the district court erred when it concluded that it could not order his federal sentence to run concurrent to his not-yet-imposed state sentence . . . ." *Id.* at * 3. The defendant argued that "the district court should have construed his motion, captioned as a writ of habeas corpus, as an initial writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, rather than as a successive § 2255 motion." *Id*. The Tenth Circuit concluded that the defendant had "state[d] no viable § 2241 claim because there is no error in the execution of his federal sentence," and that the defendant's claim was one for error in the imposition of his sentence, which "could only have been raised at sentencing, on direct appeal and in Mr. Ellsworth's initial § 2255 motion." *Id. Ellsworth* makes clear that applicant's first claim attacks the imposition, not the execution, of his sentence, and that the claim thus is not cognizable in a § 2241 application. Moreover, the claim cannot be recharacterized as a motion under 28 U.S.C. § 2255 because any such claim would be barred by the one-year

statute of limitations applicable to § 2255 claims.[3]  Therefore, applicant's first claim will be dismissed.

### B.    Claim Two

In his second claim, applicant alleges that he should be credited for time that he spent in state custody prior to July 9, 2005.  Section 3585(b) of Title 18 of the United States Code explains the calculation of credit for prior custody:

> **Credit for prior custody.**-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).  Here, all of the time that applicant spent in state custody prior to July 9, 2005 was credited toward his state sentence since he was

---

[3]Final judgment in applicant's criminal case was entered on December 24, 2003. Because applicant did not file an appeal, his conviction became final ten days later, on January 5, 2004.  Fed. R. App. P. 4(b)(1)(A)(i).  (The period is now 14 days, but at the time of applicant's conviction it was ten days.)  Under 28 U.S.C. § 2255(f)(1), any § 2255 motion had to be filed within one year of that date, January 5, 2005.  This action was not filed until April 16, 2010.  Additionally, because applicant did not present his claim in a direct appeal, he would be barred from raising it a § 2255 motion unless he could show cause excusing his procedural default and actual prejudice.  *See United States v. Hollis*, 552 F.3d 1191, 1193-94 (10th Cir. 2009).

re-sentenced on July 8, 2005 to "time served." He cannot receive credit on his federal sentence for that same confinement. *See U.S. v. Wilson*, 503 U.S. 329, 337 (1992) (a defendant cannot receive "double credit" for time served). Further, contrary to applicant's argument, the state court's suspension of the remainder of applicant's state sentence does not mean that the state time served would, for some reason, be credited to the federal sentence.[4] The state court made clear its intention that applicant would complete his entire federal sentence. Because applicant is not entitled to credit for the time that he spent in state custody prior to July 9, 2005, the second claim properly is dismissed.

For the foregoing reasons, it is

ORDERED that Applicant David Michael Cantu's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is DENIED. It is further

ORDERED that this case is dismissed with prejudice.

DATED June 8, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4] Applicant is mistaken that his entire state sentence was suspended. *See* Docket No. 2 at 6. Only the unserved portion was suspended. *See* Docket No. 10-2 at 17-18.